**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4383**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS PALACIOS-ORTIZ, a/k/a Francisco Palacios,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:11-cr-00485-JKB-1)

Submitted:  March 24, 2022                    Decided:  March 28, 2022

Before MOTZ, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: Charles N. Curlett, Jr., ROSENBERG MARTIN GREENBERG LLP, Baltimore, Maryland, for Appellant.  Judson T. Mihok, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Palacios-Ortiz admitted to violating the terms of his supervised release by committing new criminal conduct, using or possessing a controlled substance, and reentering the United States after being deported. Palacios-Ortiz's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there are no meritorious grounds for appeal, but questioning whether the district court had jurisdiction to revoke Palacios-Ortiz's supervised release and if the 24-month sentence imposed by the district court was reasonable. Although notified of his right to do so, Palacios-Ortiz has not filed a pro se supplemental brief. We affirm the district court's judgment.

First, we conclude that the district court had jurisdiction. The district court imposed a three-year term of supervised release, and the earliest the term commenced was in June 2014. Authorities arrested Palacios-Ortiz in February 2017, and he subsequently pled guilty to possession with intent to distribute cocaine and illegal reentry. He was then sentenced to 60 months' imprisonment with credit for time served. Ortiz's pretrial detention and imprisonment on these charges tolled the expiration of his term of supervised release. *See* 18 U.S.C. § 3624(e); *Mont v. United States*, 139 S. Ct. 1826, 1829 (2019).

Turning to the sentence imposed, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining whether a revocation sentence is plainly unreasonable, "we first must determine whether the sentence

2

is procedurally or substantively unreasonable." *Id.* In so doing, we are guided by "the same procedural and substantive considerations that guide our review of original sentences," but we take "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Coston*, 964 F.3d at 297 (internal quotation marks omitted). We presume that a sentence within the applicable revocation policy statement range is reasonable. *See Padgett*, 788 F.3d at 373.

Our review of the record reveals that Palacios-Ortiz's sentence is reasonable. The district court allowed Palacios-Ortiz's counsel to argue, listened to Palacios-Ortiz's allocution, and found that their arguments based on circumstances presented by the pandemic did not warrant a sentence below the policy statement range. The district court further considered the relevant § 3553(a) factors and explained why they supported a 24-month sentence. We conclude that Palacios-Ortiz fails to rebut the presumption of substantive reasonableness accorded his sentence within the policy statement range.

3

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Palacios-Ortiz, in writing, of the right to petition the Supreme Court of the United States for further review. If Palacios-Ortiz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Palacios-Ortiz.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*